UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LAKE CHARLES PILOTS INC** | **CASE NO. 2:21-CV-03152** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **LANDMARK AMERICAN INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Summary Judgment Pursuant to the Applicable Flood Exclusion and Anti-Concurrent Causation Clause" (Doc. 29) wherein Defendant, Landmark American Insurance Company ("Landmark") seeks a ruling from this Court to dismiss any damages under the Policy's flood exclusion and the Policy's anti-concurrent clause ("ACC") to the extent any covered peril acted synergistically with the flood waters.

## FACTUAL STATEMENT

LC Pilots is the owner of a commercial business, including three elevated, single-story wood-framed residential structures with 20' timber pilings, an elevated, single-story wood framed generator platform with a timber piling foundation, and a small, grade-level storage shed (collectively comprising the "Insured Property"), which allegedly suffered certain damages in two separate weather events, the first occurring on or about August 27, 2020, associated with Hurricane Laura, and the second occurring on or about October 9, 2020, associated with Hurricane Delta. During the relevant time period, Landmark insured the Insured Property against perils including wind, hail and water.

The Insured Property is located on Monkey Island, a 246-acre site on Louisiana's Calcasieu Ship Channel situated 2.5 miles from the Gulf of Mexico. The Insured Property, accessible only by boat, is used as sleeping quarters for pilots and crew members who navigate the shipping channels around Southwest Louisiana.[1]

The Policy provides, in pertinent part, as follows:

B. Exclusions

1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss. (emphasis added).

> g. Water
>
> (1) Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);[2]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[1] Plaintiff's exhibit 1, Declaration of Brett Palmer, ¶ 5.
[2] Plaintiff's exhibit a, p. 1, ¶ B.1, ¶ B.1.g.(1).

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

In its Memorandum in Support of the Motion for Partial Summary Judgment, Landmark admits that the determination of what damage was caused by a covered peril (wind), and what damage was caused by flood, is a fact issue to be decided by the jury. In addition, to the extent any covered peril acted synergistically with the flood water to cause the same damages, the anti-concurrent causation clause is applicable. Landmark seeks a

ruling to establish that any alleged damages determined to be recoverable under the policy by the trier of fact are limited to those caused exclusively by winds.

LC Pilots submits the damage assessment of expert building consultant and public adjuster, Jeffrey Major, which explains that in reaching his cost estimates and related damage conclusion he applied the terms and conditions of the Policy relevant to covered losses and exclusions and thus excluded items damaged by flood. Consequently, LC Pilots asserts that its cost estimates and related damage conclusions are based on damage caused by wind. The Court agrees with LC Pilots that a ruling by this Court would not only be a determination to be made by the trier of fact (here, the jury), but would also be an advisory opinion. The jury, after being properly instructed, will decide what damages were caused by wind.

## **CONCLUSION**

For the reasons set forth herein, the Motion for Partial Summary Judgment Pursuant to the Applicable Flood Exclusion and Anti-Concurrent Causation Clause (Doc. 29) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 24th day of August, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**